[Civ. No. 3583. Second Appellate District, Division One.—February 15, 1922.]

## OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED (a Corporation), Appellant, v. J. P. TUCKER et al., Respondents.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—ACTION FOR DAMAGES—EVIDENCE—FINDING—APPEAL.—In this action by an insurance company to recover damages because of moneys paid to an insured following a collision between his motor-truck and that of the defendants, the evidence presented a case of substantial conflict and, there-

fore, the finding of the trial court that the accident was not caused by the negligence of defendants' driver was conclusive on the appellate court.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.   Affirmed.

The facts are stated in the opinion of the court.

George H. Moore for Appellant.

H. T. Morrow for Respondents.

JAMES, J.—Plaintiff herein, having insured a business firm against loss which might be sustained by reason of collisions occurring between motor-trucks operated by it and other vehicles, brought this action to recover damages from the defendants.   A truck belonging to the insured collided on a public highway with a truck belonging to defendant J. P. Tucker.   The former's truck was damaged in an amount in excess of seventeen hundred dollars, which amount the insurer paid and thereby, under the terms of its policy, acquired the right to bring this action.   The judgment of the court was in favor of defendants, from which judgment plaintiff appealed.

[1] It is contended upon this appeal that there was ample evidence submitted by the plaintiff to show that the accident was caused through the negligence of Tucker's driver, and that there was no substantial evidence introduced in contradiction thereof.   Briefly stated, the contention of appellant is that there was no conflict presented by the evidence and hence that the court was left without judicial discretion entitling it to determine the case in the manner it did.   We have carefully examined the record, which exhibits the testimony introduced by the respective parties. The rule is, without question, as appellant's counsel state, that in order to present a case of conflict the opposing evidence must be of a substantial kind; that a mere "scintilla" of evidence, or evidence which establishes ground only for suspicion or conjecture, is not sufficient.   But we do not think that this case was left in that situation when it was submitted to the trial judge for decision.   The two trucks, that of the insured and defendant Tucker, traveling

in opposite directions, collided while passing each other on a paved highway, which was eighteen feet wide and, so far as the evidence shows, practically straight. The truck of the insured was a heavy one and was carrying a load at the time, while Tucker's truck, a smaller one, was empty. As the trucks were passing each other, the left front hub-caps on the machines came in contact, causing the bodies of the machines to collide, with the result that both were considerably damaged. The evidence was that the extreme width of both machines was seven feet. This distance was included within the axle length and from hub-cap to hub-cap. A witness who was riding with the driver of the insured's truck and who was sitting on the left-hand side thereof, being the side nearest the approaching truck, testified that the machine upon which he was riding was clearly on the right-hand side of the center of the paved highway; that the approaching truck when within twenty feet or so of the passing point swerved over to the center of the roadway and that the collision followed. There was other testimony of measurements which were made immediately after the collision which, considering marks left upon the pavement, located the wheels of the insured's truck on the right-hand side of the center of the highway. These measurements were made from the marks which the wheels had apparently left before being diverted from their course by the collision. On behalf of the defendant Tucker there was testimony to the effect that, judging from marks made by the wheels of the latter's truck, the left wheels, immediately preceding the accident, were six inches away from the center line of the road. The hub projection on both machines was approximated as being four or five inches. The driver of the Tucker truck testified that he did not swerve or change his direction preceding the accident unless he might have done so to "dodge some chuck hole," and that, as the two machines approached, their left wheels were running close to the center of the road; that he judged there was room enough to pass and that the trucks maintained that position up to the time the collision occurred. He was asked the question as to whether he could state the position of his truck with respect to the center of the roadway, and replied, "My right front wheel, that was the side that was next to the edge of the road, and it was not, I believe, over eight

inches from the edge of the road." As the total width of the truck was seven feet, by the addition of this eight inches it would be made to appear that the Tucker truck was occupying seven feet and eight inches of the eighteen foot highway and hence must have been entirely at the right of the center thereof at the time. We have suggested enough, we think, as to what the record shows with respect to the evidence, to demonstrate that the court had before it a situation of substantial conflict. It follows that the decision of the trial judge as to the facts must be here deemed conclusive. We think that in the court's rulings on the admission and rejection of testimony no substantial error was committed.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.